**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dennis N. Richardson and
Susan F. Richardson,

Plaintiffs,

vs.

Cardiac Surgical Associates, P.A.,
and Kit Arom, M.D.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-542 ADM/SRN

---

William M. Fishman, Esq., and Howard S. Marker, Esq., Borkon, Ramstead, Mariani, Fishman & Carp, LTD., Minneapolis, MN, for Plaintiffs.

Bryon G. Ascheman, Esq., and Richard J. Thomas, Esq., Burke & Thomas, St. Paul, MN, for Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendants' Dr. Kit Arom ("Arom"), M.D., and Cardiac Legal Associates (collectively "Defendants") Appeal [Doc. No. 25] from the February 6, 2002, Order of Magistrate Judge Susan Richard Nelson [Doc. No. 23]. The Order granted Plaintiffs' Dennis N. Richardson ("Richardson") and Susan F. Richardson (collectively "Plaintiffs") Motion to Amend Complaint to Allege Punitive Damages [Doc. No. 14] against Dr. Arom. Punitive damages have not been sought against Dr. Arom's employer, co-Defendant Cardiac Surgical Associates, P.A. For the reasons set forth below, the Appeal is denied. The factual background for this matter is adequately set forth in the Order and is incorporated by reference for the purposes of Defendants' present Appeal.

FILED 4-24-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. DISCUSSION

In ruling on an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72 .1(b)(2). This standard of review is extremely deferential. See Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); Banbury v. Omnitron Int'l, Inc., 818 F.Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Defendants assert that Judge Nelson's allowance of a claim for punitive damages is based on a clearly erroneous determination that clear and convincing evidence exists in the record suggesting that Dr. Arom acted with deliberate disregard for Richardson's safety. They allege that Dr. Arom did not appreciate the degree of Richardson's blood loss at the time, and mis-diagnosed that Richardson's blood loss resulted from coagulopathy rather than a post-operative bleed. Dr. Arom contends that he was given inconsistent information by the nurses attending to Richardson, and that he sought additional information from the nursing staff. Defendants also argue that Dr. Arom's statement that he would have cancelled a lecture to perform the follow-up surgery on Richardson was "certainly assuming a local lecture rather than one out of town." Def. Mem. at 6 n.8. Defendants assert on the basis of this evidence that at most an inference of an omission by Dr. Arom is established, but not deliberate disregard of Richardson's safety.

Judge Nelson correctly stated the relevant legal standard which requires a plaintiff seeking

leave to amend a complaint to add a claim for punitive damages to set forth a prima facie showing of clear and convincing evidence that the acts of the defendant exhibit a deliberate disregard for the safety of others. See Minn. Stat. §§ 549.191 & 549.20; Olson v. Snap Products, Inc., 29 F.Supp.2d 1027, 1037 (D. Minn. 1998). Under this standard, the court makes no credibility rulings, and need not consider any challenge to the plaintiff's proof. Ulrich v. City of Crosby, 848 F.Supp. 861, 867 (D. Minn. 1994). This standard is satisfied where the evidence is sufficient to permit a jury to conclude that it is "highly probable" that the defendant acted with deliberate disregard for the safety of others. Id. at 868.

In applying this standard, Judge Nelson examined deposition transcripts and medical reports, not merely Plaintiffs' supporting affidavits, in compliance with the Minnesota Supreme Court's directive to "do more than 'rubber stamp' the allegations in the motion papers" in determining punitive damage amendments. Shetka v. Kueppers, Kueppers, Von Feldt and Salmen, 454 N.W.2d 916, 918 n.1 (Minn. 1990). The Order explained that Dr. Arom acted with deliberate disregard of the high degree of probability of injury to Richardson when "he chose not to return to the hospital to care for Richardson throughout the evening, and also not to personally tend to Plaintiff when he finally did return." Order at 13. In support of her conclusion, Judge Nelson relied on evidence that Dr. Arom was "repeatedly informed" of Richardson's blood loss and low blood pressure, that Dr. Arom continually chose not to return to the hospital, and that Dr. Arom stated in deposition testimony that he should have taken Plaintiff back to the operating room as early as 12:30 a.m. on April 5, 2001. Order at 13 (citing Arom Dep. at 64-65). Dr. Arom also stated that despite Plaintiff's coagulopathy, his blood loss necessitated that he be returned to surgery. Arom Dep. at 76. The Order also recognized that Dr. Arom's argument he was never aware of Richardson's heavy blood

loss is not convincing within the context of the larger record. Order at 14. Judge Nelson made this determination after considering that "[Richardson's] medical records, and the testimony of multiple nurses[,] consistently demonstrate that [Dr. Arom] was informed of [Richardson's] blood loss and vital signs throughout the night and morning." Id. The Order also notes Dr. Arom's own admission that assuming the nurses did tell him the amount of blood loss, he did not understand what they were saying or that it did not "register" with him. Id. at 11. In addition to this basis for her conclusion, Judge Nelson also wrote that Dr. Arom's choice not to perform Richardson's follow-up surgery the next morning, but to leave to give a lecture in Boston, "further supports granting Plaintiffs' motion." Id. at 14.

Judge Nelson's determination was not clearly erroneous. Based on the record as a whole, this Court is not left with "the definite and firm conviction that a mistake has been committed." Chakales, 79 F.3d at 728. The Order clearly identifies the evidentiary basis on which Judge Nelson determined that a prima facie showing of clear and convincing evidence was made that Dr. Arom's acts exhibited a deliberate disregard for Richardson's safety. Defendants' Appeal to Judge Nelson's Order is denied, and the Order is affirmed in its entirety.

## III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Appeal [Doc. No. 25] is **DENIED**, and

2. Plaintiffs' Motion to Amend Complaint to Allege Punitive Damages [Doc. No. 14] against Dr. Arom is **GRANTED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: April 24, 2002